UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CASE NO.   07-21M |
| ) | |
| v. ) | |
| ) | |
| ) | DETENTION ORDER |
| JEANISSHAY LERMA-DIAZ, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Offense charged:

   Count I: CONSPIRACY TO DISTRIBUTE METHAMPHETAMINE

Date of Detention Hearing: January 30, 2007.

       The Court, having conducted a contested detention hearing pursuant to Title 18
U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention
hereafter set forth, finds that no condition or combination of conditions which the defendant
can meet will reasonably assure the appearance of the defendant as required and the safety
of any other person and the community.  The Government was represented by Susan Roe.
The defendant was represented by Kevin Peck.

//

//

DETENTION ORDER
PAGE -1-

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1)     There is probable cause to believe the defendant committed the crime of conspiracy to distribute methamphetamine, a drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2)     Nothing in this record satisfactorily rebuts the presumption against release for several reasons. Under Title 18 § 3142 (g), the Court considered the following:

(a)     The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug. Here the offense alleges that the defendant participated in a conspiracy to distribute cocaine, thereby involving more than one person in the illegal activity. The federal investigation has revealed that the defendant has made multiple recent trips to Mexico. More importantly, in consideration of the international nature of drug trafficking from Mexico into the United States, the illegal nature of these trips has not been ruled out.

(b)     The weight of the evidence. Federal agents witnessed the defendant's involvement in a hand-to-hand delivery of cocaine to an undercover agent. She was accompanied by her common-law partner, Harold Lopez-Rojo. Inside the residence Lopez-Rojo and Lerma-Diaz share, federal agents found large amounts of U.S. currency. This appears to be unexplained wealth. Additionally, two firearms were seized from the residence including a "loaded" sawed off shotgun.

DETENTION ORDER
PAGE -2-

(c)     The history and characteristics of the person.  The defendant is unemployed and raising an infant.  She appears financially dependent upon the co-defendant, Lopez-Rojo.  Her only ties to others in this district appear to be Mr. Lopez-Rojo's family who are implicated through the federal investigation, although not charged.  The defendant's mother resides in Arizona, but has been involved in Alien Smuggling in the past (though cooperative with authorities).  Even supervised placement in Arizona appears too attenuated to overcome the presumption given her multiple trips to Mexico and the proximity of Arizona to that border.

(d)      Risk to the community is inherent in the nature of the drug conspiracy involving large sums of money as in the instant case.  Here the defendant together with the co-defendants, who are brothers, resided in the same apartment complex in nearby apartments.  Each apartment was identified as storing the controlled substances, thereby doubling the risk of danger to the community.

Based upon the foregoing information,  there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l)     The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)     The defendant shall be afforded reasonable opportunity for private

DETENTION ORDER
PAGE -3-

1      consultation with counsel;

2     (3)    On order of a court of the United States or on request of an attorney for

3             the Government, the person in charge of the corrections facility in which

4             the defendant is confined shall deliver the defendant to a United States

5             Marshal for the purpose of an appearance in connection with a court

6             proceeding; and

7     (4)    The clerk shall direct copies of this order to counsel for the United

8             States, to counsel for the defendant, to the United States Marshal, and to

9             the United States Pretrial Services Officer.

10     DATED this 31st day of January, 2007.

11

12

13                          MONICA J. BENTON
                         United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

DETENTION ORDER
PAGE -4-